O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURA COTTER, | Case No. CV 14-05495 DDP (JEMx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| CITY OF LONG BEACH; LONG BEACH POLICE OFFICER ARMAND CASALLENOS, BADGE NO. 5705; LONG BEACH POLICE OFFICER VEGA, BADGE NO. 5791; LONG BEACH POLICE OFFICER ARZOLA BADGE NO. 6189, | [Dkt. 27] |
| Defendants. | |

**I.   Background**

Plaintiff is a member of an organization known as "Food, Not Bombs." (Decl. Of Maura Cotter, ¶ 2.) On August 14, 2013, Plaintiff and two other members of Food, Not Bombs (collectively, "the protesters") were peacefully protesting against McDonald's while holding a 5 x 3 foot banner and passing out flyers and vegan burritos on the sidewalk in front of the McDonald's entrance at 640 Long Beach Blvd. (Id. at ¶¶ 4 & 7.) The manager of McDonald's called the Long Beach Police Department to complaint that the protesters were disturbing his business by approaching customers

and telling them not to eat at McDonald's and handing out free food to get them to go away. (Decl. of Jeffrey Le Beau, Ex. 9, 1.) When officers arrived, they spoke with the manager and took photos of the protesters. (Le Beau Decl., Ex. 24, 4.) Then, the officers asked the protesters for identification and checked for warrants. (Le Beau Decl., Ex. 27, 3-4.)

Plaintiff was ostensibly arrested because she failed to provide the officers with identification. (Le Beau Decl., Ex. 11, 3.) Plaintiff alleges that although she was arrested for failing to provide the officer with identification, she gave the officer her Illinois Driver's License at the scene of the incident. (Decl. of Ms. Cotter, ¶ 8; Exhibit 30, 2-3.) Plaintiff was taken to the station and booked on charges of obstructing a public passage (L.B.M.C. 9.30.050) and violation of operating conditions as a peddling merchant (L.B.M.C. 5.66.020). (Le Beau Decl., Ex. 12.) On August 23, 2013, a criminal complaint was filed in the Los Angeles Superior Court against Plaintiff, charging her with a misdemeanor for obstructing a public passage. (<u>Id.</u>, Ex. 13.) On December 30, 2013, the court made a finding of factual innocence and granted an order sealing the records of Plaintiff's arrest. (Le Beau Decl., Ex. 15.)

Plaintiff's Complaint here states four causes of action: violation of her First, Fourth, and Fourteenth Amendment Rights under 42 U.S.C. § 1983, unlawful custom and practice under 42 U.S.C. § 1983, civil rights violations under California Civil Code § 52.1, and false arrest and imprisonment. Plaintiff now moves for Partial Summary Judgment.

**II.  Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a

3

rational trier of fact to find for the nonmoving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275, 1278 (9th Cir.1996). Counsel has an obligation to lay out their support clearly. <u>Carmen v. San Francisco Sch. Dist</u>., 237 F.3d 1026, 1031 (9th Cir.2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." <u>Id.</u>

**III. Discussion**

As an initial matter, the scope of Plaintiff's Motion is unclear.  Plaintiff's Notice of Motion seeks partial summary judgment "of the First Cause of Action for Relief . . . because the undisputed evidence establishes that defendant CASTELLANOS falsely arrested plaintiff to stop her from exercising her First Amendment Rights to protest."  The Complaint's First Cause of Action alleges that Defendants "deprived Plaintiff of her rights secured by the First, Fourth, and Fourteenth Amendments . . . in that Defendants . . . subjected plaintiff [sic] to excessive and unreasonable force, search and seizure and malicious prosecution."  The motion, however, states that it "is directly [sic] solely to the issue of Ms. Cotter's false arrest," and refers to false arrest as a violation of the Fourth Amendment.[1]  (Mot. At 13, 14.)  Because the bulk of Plaintiff's Motion appears directed at her Fourth Amendment false arrest claim, the court addresses the Motion accordingly.

---

[1] The Complaint also alleges a Fourth Cause of Action for false arrest and imprisonment.

4

A. 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, a plaintiff may bring a claim for deprivation of rights where a government actor deprived him or her of his or her constitutional rights. Merritt v. Mackey, 827 F.2d 1368, 1374 (9th Cir. 1987). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Velazquez v. City of Long Beach, 793 F.3d 1010, 1018 (9th Cir. 2015) (quoting Lacey v. Maricopa County, 691 F.3d 896, 913 (9th Cir. 2012)). Probable cause exists when, based on the totality of the circumstances known to officers at the time, there is a "fair probability or substantial chance of criminal activity." Velazquez, 793 F.3d at 1018.

Defendants, without any citation to the record, assert that Defendant Castellanos had probable cause to believe that Plaintiff was blocking the sidewalk in violation of Long Beach Municipal Code § 9.30.050, which states:

> No person shall block, impede or obstruct any public place or any entrance, exit or approach to any place of business in a manner calculated or with intent to prevent, delay, hinder or interfere with any person in the free passage along or the entering or leaving of such public place or place of business.

According to Defendants, Defendant Castellanos (1) observed Plaintiff holding a banner across the sidewalk, (2) "perceived that the banner sufficiently blocked the sidewalk to obstruct public passage," (3) learned from the McDonald's manager and from Plaintiff's group that the group was trying to dissuade passers by from eating at McDonald's, and "[b]ased on those facts . . .

5

decided to cite the group" and then arrested Plaintiff. (Motion at 7.)

    First, the fact that Defendant Castellanos may have known or believed that Plaintiff was trying to dissuade people from eating at McDonald's has little bearing on whether she was physically obstructing pedestrians' travel on the sidewalk. Second, although not dispositive of the probable cause question, Plaintiff was found to be factually innocent of a § 9.30.050 violation. Further, although Defendants do not cite to any evidence, and it is not the court's burden to scour the record in search of a triable issue, the court's review of the evidence reveals that Plaintiff and her group's banner were not even arguably hindering public passage. A photograph taken by Officer Castellano himself, and therefore reflective of the circumstances known to him at the time of the incident, clearly indicates that the protesters and their sign occupied less than half the width of the sidewalk, and that pedestrian traffic was minimal. Other, undisputed evidence establishes that the sidewalk, at 26 feet in width, was significantly wider than a typical sidewalk, and that Plaintiff's group's sign measured approximately five feet in width. Indeed, photographic and video evidence shows that the sidewalk was wide enough to accommodate two police cruisers parked side by side, while still leaving enough space in between for a tree and for pedestrians, including at least one pedestrian with a stroller, to proceed without a sliver of obstruction. Under these circumstances, no reasonable trier of fact could conclude that there was a fair probability that Plaintiff was blocking the sidewalk in violation of § 9.30.050.

B.   Qualified Immunity

Defendants also contend, somewhat briefly, that Officer Castellanos is entitled to qualified immunity. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "'protects' all but the plainly incompetent or those who knowingly violate the law.'" Green v. Fresno, 751 F.3d 1039, 1051 (9th Cir. 2014) (citing Ashcroft v. al-Kidd,131 S. Ct. 2074, 2083 (2011)).  The Supreme Court has established a two-part test for determining if a police officer is entitled to qualified immunity: (1) whether the allegations, if true, establish a constitutional violation, and (2) whether the constitutional violation was clearly established. Pearson v. Callahan, 555 U.S. 223, 235-36 (2009).  The second part of the test requires two separate determinations: (1) whether the law governing the conduct at issue was clearly established and (2) whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law.  Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993). Here, Plaintiff's Fourth Amendment rights were violated, as discussed above.  The only remaining question, therefore, and that to which Defendants devote the entirety of their brief qualified immunity argument, is whether a reasonable person would have known that the arrest violated Plaintiff's rights.

It was well established at the time of the incident that individuals may not be subjected to seizure or arrest without reasonable suspicion or probable cause. Green v. City and County of San Francisco, 751 F.3d 1039, 1052 (9th Cir. 2014). Defendants argue, however, that Defendant Castellanos could reasonably have

believed that Plaintiff was violating § 9.30.050 by blocking a portion of the sidewalk.

Qualified immunity may be based upon a reasonable mistake of law, fact, or both. Lal v. California, 746 F.3d 1112, 1116 (9th Cir. 2014). Here, Defendant Castellano's mistakes were not reasonable. Factually, as described in detail above, there is no question that Plaintiff was not blocking the sidewalk or impeding pedestrian traffic. Indeed, in granting Plaintiff's motion for a finding of factual innocence, the state court noted that the case was not a close one.

Nor was Defendant Castellano's interpretation of § 9.30.050 to include partial obstructions of the sidewalk a reasonable interpretation of the law. First, Defendants completely ignore the knowledge element of the ordinance, which requires that a person intend to hinder free passage through a public space. Second, to insert the term "partial" alongside "block, impede, or obstruct" would render the ordinance meaningless in the context of a lightly traveled sidewalk. No person can travel or stand upon a sidewalk without, in some sense, "obstructing" at least that portion of the sidewalk which she herself occupies. No reasonable person, however, could argue that a person standing on an empty sidewalk is blocking, let alone intending to block, free passage along the route. See, e.g. White v. City of Laguna Beach, 679 F.Supp.2d 1149, 1153 (C.D. Cal. 2010) (suggesting that ordinance banning "standing in a stationary position upon any sidewalk, boardwalk or other public thoroughfare so as to obstruct free pedestrian traffic" would be unconstitutional as applied to an empty sidewalk); see also In Re Wallace, 3 Cal.3d 289, 295 (1970) ("[A]ny

8

visitor to a fair or other public exhibition necessarily occupies a certain area of ground or floor space wherever he stands, and persons wishing to proceed past him are manifestly required to 'avoid' that area under pain of tort liability. The record is thus devoid of evidence that petitioners 'obstructed' the business of the fair" by handing out leaflets.).

Because Defendant Castellanos arrested and booked Plaintiff without probable cause, and made no reasonable mistake of either fact or law, he is not entitled to qualified immunity.

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment with respect to her Fourth Amendment claim for false arrest is GRANTED.

IT IS SO ORDERED.

Dated: January 29, 2016

DEAN D. PREGERSON
United States District Judge

9